# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2025-CP-00044-COA

**RICHARD TOMA GRIFFIN A/K/A RICHARD T. GRIFFIN A/K/A RICHARD GRIFFIN**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT: 11/27/2024
TRIAL JUDGE: HON. SMITH MURPHEY
COURT FROM WHICH APPEALED: PANOLA COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT
ATTORNEY FOR APPELLANT: RICHARD TOMA GRIFFIN (PRO SE)
ATTORNEY FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE: CIVIL - POST-CONVICTION RELIEF
DISPOSITION: AFFIRMED - 10/21/2025
MOTION FOR REHEARING FILED:

**BEFORE WILSON, P.J., WESTBROOKS AND LAWRENCE, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.  This is an appeal from a trial court's dismissal of a motion for post-conviction relief. On May 30, 2019, Richard Toma Griffin pleaded guilty as a non-violent habitual offender to one count of false pretense in cause number CR-2019-07 in the Circuit Court of Panola County. The trial court judge accepted Griffin's plea and sentenced Griffin to serve ten years without eligibility for parole as a non-violent habitual offender in the custody of the Mississippi Department of Corrections. Over three years later, Griffin petitioned for post-conviction collateral relief (PCR) pursuant to Mississippi Code Annotated section 99-39-5 (Rev. 2020), arguing that he obtained newly discovered evidence and had received

ineffective assistance of counsel. The circuit court denied his request, stating it was time-barred, and summarily dismissed his PCR motion pursuant to Mississippi Code Annotated section 99-39-11(2) (Rev. 2020). Griffin now appeals.

## FACTS AND PROCEDURAL HISTORY

¶2. On March 6, 2019, a grand jury indicted Griffin on one count of false pretense as a habitual offender in violation of Mississippi Code Annotated sections 97-19-39 (Supp. 2018) and 99-19-81 (Rev. 2015), respectively. On May 30, 2019, Griffin entered a guilty plea. During the hearing, the State put into evidence that Griffin had been convicted of three prior felonies in August 2009 (cause no. CR-2010-7), February 2011 (cause no. CR-2011-2), and February 2014 (cause no. CR-2013-12), all within Panola County, which were used to show he was a habitual offender. In his six-page petition to enter a guilty plea, Griffin affirmed that he understood he was being charged as a habitual offender and was satisfied with his counsel by signing at the bottom of each page and by signing and dating the document. Griffin attested:

> I plead guilty to the charge(s) of False Pretenses as 99-19-81 habitual offender in violation of Miss. Code Ann. Section 97-19-39 and 99-19-81 as set forth in . . . the indictment in this cause number.
>
> I have told my lawyer all of the facts and circumstances known to me about the charge(s) asserted in the indictment. I believe that my lawyer is fully informed on all such matters. My lawyer has advised me of the nature of the charge(s) and the possible defenses that I may have to the charge(s).
> . . . .
>
> I believe that my lawyer is competent and has done all that anyone could do to counsel and assist me, and I am fully satisfied with the advice and help he has given me.

2

My lawyer has advised me of the elements of the charge which I am pleading. I submit that all elements are proven by the true facts. Therefore, I am guilty and ask the court to accept my plea of guilty.

. . . .

I have not previously been convicted of any felony, except please see indictment False Pretenses 2010-07, Grand Larceny, 2011-02, False Pretenses 2012-12.

¶3.     Moreover, Griffin confirmed his understanding of the plea petition under oath:

THE COURT: By your signature upon this document, Mr. Griffin, it tells me that you're desiring to enter your plea of guilty to the charge of false pretenses as a Section 99-19-81 habitual offender as indicted; is that correct?

GRIFFIN: Yes, sir.

THE COURT: Next, I have a document that corresponds with Cause Number CR-2019-14-SM(P1). Is that in fact your signature?

GRIFFIN: Yes, sir.

¶4.     Further, Griffin confirmed that he understood he was being charged as a habitual offender. He expressed satisfaction with his counsel and reaffirmed his guilty plea during the hearing:

THE COURT: As an 81 habitual offender, Mr. Griffin, if in fact the Department of Corrections does what the law tells them to do, then you should serve each and every day of any sentence that you may get; do you understand that?

GRIFFIN: Yes, sir.

THE COURT: Now are you satisfied with your services that have been provided for you by your attorney?

GRIFFIN: Yes, sir.

THE COURT: Do you have any complaints or disagreements with how he's represented you or handled your case?

GRIFFIN: No, sir.

Following Griffin's plea colloquy, the court sentenced Griffin as stated above.

¶5. Over four years later, on April 29, 2025, Griffin filed his PCR motion seeking collateral review of his plea, citing discovery of new evidence and ineffective assistance of counsel. The trial court dismissed Grant's PCR motion, holding that it was barred by the Uniform Post-Conviction Collateral Relief Act's (UPCCRA) three-year statute of limitations. Griffin now appeals.

## STANDARD OF REVIEW

¶6. "Unless a circuit court's decision was clearly erroneous or an abuse of its discretion, the circuit court's denial or dismissal of a PCR motion will not be reversed." *Varnado v. State*, 362 So. 3d 127, 133 (¶16) (Miss. Ct. App. 2023) (quoting *Crockett v. State*, 334 So. 3d 1232, 1237 (¶13) (Miss. Ct. App. 2022)). "Where questions of law are raised, they are reviewed under the de novo standard." *Id.*

## DISCUSSION

¶7. On appeal, Griffin contends that the circuit court erred by dismissing his PCR motion due to two issues: (1) newly discovered evidence and (2) ineffective assistance of counsel. Under the UPCCRA, a PCR motion based on a guilty plea must be filed within three years from the date of the conviction. *See* Miss. Code Ann. § 99-39-5(2). An untimely PCR motion may be decided on the merits if it falls within a statutory exception. *See* Miss. Code Ann. § 99-39-5(2)(a)(i)-(ii) & (b); *Howell v. State*, 358 So. 3d 613, 615-16 (¶¶8, 12) (Miss. 2023). The statutory exceptions to the three-year time-bar include (1) an intervening supreme court

4

decision that adversely affects the defendant's conviction or sentence; (2) new evidence that could not be reasonably discovered at the time of trial; (3) untested or insufficiently tested biological evidence; and (4) "an expired sentence or unlawful revocation of probation, parole, or conditional release." *Badger v. State*, 369 So. 3d 90, 93 (¶12) (Miss. Ct. App. 2025) (internal quotation marks omitted); *see* Miss. Code Ann. § 99-39-5(2)(a)(i)-(ii) & (b).

¶8.     Griffin was convicted on June 3, 2019, and he filed his PCR motion over four years later, on April 29, 2024. As a result, his PCR motion was submitted after the three-year time-bar pursuant to section 99-39-5(2). Griffin contends that his PCR motion should be exempt from the time-bar because of ineffective assistance of counsel prior to his plea and newly discovered evidence. Griffin claims that he should not have been convicted as a habitual offender because Panola County's prosecutor dismissed his prior cases. For reasons stated above, we find that Griffin's PCR motion is time-barred. Accordingly, we affirm the circuit court's order.

¶9.     **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., McDONALD, LAWRENCE, McCARTY, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. EMFINGER, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**